UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RICHARD and JILL BETTENCOURT,          6: 12-CV-2187-TC

        Plaintiff,

    v.          ORDER

PNMAC MORTGAGE CO., LLC,

        Defendant.

COFFIN, Magistrate Judge:

    Plaintiff's own a home encumbered by a trust deed securing the repayment of a corresponding note. They assert three common law state claims and name one defendant, PNMAC Mortgage Co., LLC (PNMAC).

    Presently before the court is defendant PNMAC's motion (# 13) for summary judgment. For the reasons stated below, all of plaintiff's claims fail and this action is dismissed.

Page 1 - ORDER

## Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## Factual Background

Plaintiffs refinanced their property in December 2005. Plaintiffs executed and delivered a promissory note in the amount of $136,000 and granted a deed of trust on the property to the original lender Ameriquest Mortgage Company. (The "Note" and "Deed and Trust," collectively referred to as the "Mortgage Loan.") The Mortgage Loan was subsequently assigned to non-party CitiMortgage, Inc. ("Citi").

In March 2009, plaintiffs contacted Citi about a loan modification. Citi provided plaintiffs with information about the newly enacted federal Home Affordable Modification Program(HAMP) and thereafter provided plaintiffs with a trial plan in October 2009, wherein plaintiffs agreed to make reduced mortgage payments and Citi agreed not to enforce its rights under the Note and Deed of Trust while it assessed whether it would offer plaintiff a permanent loan modification. Citi never offered plaintiffs a permanent loan modification and transferred the Mortgage Loan to defendant PNMAC without any modification.

After PNMAC acquired the beneficial interest in the Mortgage Loan, it provided plaintiffs with information concerning a HAMP loan modification trial plan on or about June 24, 2011. Plaintiffs notified PNMAC on or about September 13, 2011 that they were not interested in accepting a HAMP loan modification from PNMAC. Plaintiffs remain in default on the payments required under the terms of the Mortgage Loan.

Plaintiffs now seek declaratory relief and damages against PNMAC for breach of contract and tort claims based upon an alleged loan modification offer made by Citi, the assignor of PNMAC's assignee interest in the Mortgage Loan.

Page 3 - ORDER

## Discussion

Breach of Contract

Plaintiffs generally assert that "Citi breached their mortgage contract before selling their loan to PNMAC," and further assert "that PNMAC breached the mortgage contract by wrongfully initiating foreclosure proceedings." P. 2 of Response (#39).

Plaintiff's breach of contract claim against PNMAC based on nonparty Citi's alleged failure to pay property taxes in 2007 fails as a matter of law for several reasons. First, plaintiff has failed to adequately demonstrate how there is contractual liability for PNMAC on this matter that occurred prior to the time PNMAC obtained the Mortgage Loan. Second, PNMAC did not assume any of the loan service and escrow account duties which fell to nonparty PennyMac Loan Services, LLC, not defendant PNMAC. And third, such a claim is barred by the three year statute of limitations. 12 U.S.C. §2614.

Plaintiffs assert there was a breach of contract because at all times they abided by the instructions given to them by Citi and that PNMAC's initiation of foreclosure was wrongful and without cause and constituted breach of contract. However, defendant PNMAC has adequately established under the agreements that it was entitled to refuse payments and demand the plaintiffs bring the loan current and that such is not a breach of contract. PNMAC Affidavit at Exh 4; See, p. 9 of Memo (#14). The loan was never permanently modified by Citi and the trial plan expressly provided that acceptance of a payment is not a waiver of foreclosure rights and that the obligations of the loan documents remain in full effect. Id. Moreover, PNMAC offered plaintiff a loan modification under HAMP. Plaintiffs could have clarified their situation or tried to negotiate with

PNMAC during this process, but chose not to accept the offer of loan modification. See p.p. 12-14 of Memo (#41); Exh.s 6 and 7 to Affidavit (#15).

Plaintiffs also assert that "Citi breached the implied good faith provision of their contract through various misrepresentations during the 2009 HAMP modification discussions," and that "even if Citi's HAMP modification discussions did not result in a binding loan modification, ... [the] breach of Citi's duty to act in good faith subjects PNMAC to breach of contract claims as the assignee." P. 7 of Response (#39). Such claim fails as plaintiffs provide inadequate support for such a proposition and PNMAC has shown there is none in the circumstances of this case. See, e.g., Paslowski v. Standard Mortgage of Georgia, 129 F. Supp. 2d 793 (W.D. Pa. 2000), P.p. 11-15 of Reply (#41). Plaintiffs note Citi's "irregularities" in statements it made in servicing plaintiff's loan, but not in PennyMac Loan Services, LLC servicing. As such, any claims arising from plaintiffs' allegations fail.

Tort Claims

Plaintiffs' vague tort claims also fail. Plaintiffs vaguely assert PNMAC "deceived them after purchasing their loan from Citi and negligently caused them economic loss and emotional harm. P. 2 of Response (#39). Defendant filed a persuasive motion for summary judgment on these claims, see p.p. 10-17 of Defendant's Memo (#14), which plaintiffs failed to address. Such is fatal to plaintiffs' claims and they are dismissed for this reason and because they clearly fail in the circumstances of this action. See also p.p. 14-16 of Reply (#41).

## Conclusion

Defendant's motion (#13) for summary judgment is allowed and this action is dismissed.

DATED this _12_ day of February, 2014.

_____
THOMAS M. COFFIN
United States Magistrate Judge